# EXHIBIT A

# 25CV473713

🖶 Print

## The Fuller Law Firm, a Professional Corporation vs RD Capital, LLC et al

**Case Information**

**Case Type:** Other Complaint (Not Spec) Unlimited (42)
**Case Number:** 25CV473713
**Filing Date:** 8/26/2025
**Case Status:** Active
**Court Location:** Civil

Show All entries                                    Search:

| ▲ Type | First Name | Middle Name | Last Name |
|--------|-----------|-------------|-----------|
| Defendant | | | RD Capital, LLC |
| Defendant | | | United States Treasury Department, Internal Revenue Service |
| Plaintiff | | | The Fuller Law Firm, a Professional Corporation |

Showing 1 to 3 of 3 entries                        Previous | 1 | Next

## Attorneys

Show All entries                                    Search:

| ▲ Representing | First Name | Middle Name | Last Name |
|---------------|-----------|-------------|-----------|
| **The Fuller Law Firm, a Professional Corporation** | **Sam** | | **Taherian** |

Showing 1 to 1 of 1 entries                        Previous | 1 | Next

## EVENTS

Show All entries                                    Search:

| ▲ File Date | File Type | Filed By | Comment | Documents |
|-------------|-----------|----------|---------|-----------|
| 9/11/2025 | Motion: Order | | HRG DATE 4/15/26 9A D16 | 📄 |
| 9/11/2025 | Memorandum: Points and Authorities | | Memorandum of Points & Authorities | 📄 |
| 9/11/2025 | Declaration: In Support | | Declaration: In Support | 📄 |
| 9/11/2025 | Declaration: In Support | | Declaration: In Support | 📄 |
| 9/3/2025 | Notice | The Fuller Law Firm, a Professional Corporation, | $294,887.24 check (#2048) deposited by PLT for Interpleader; Atty: Taherian - Taken on Notice of Undocumented Action | 📄 |
| 9/2/2025 | Amended Complaint Filed - No Fee | The Fuller Law Firm, a Professional Corporation, RD Capital, LLC, United States Treasury Department, Internal Revenue Service, | 1st Amended Complaint | 📄 |
| 9/2/2025 | Civil Case Cover Sheet | | | 📄 |
| 8/26/2025 | New Filed Case | | | |

| ▼ File Date | File Type | Filed By | Comment | Documents |
|---|---|---|---|---|
| 8/26/2025 | Summons: Issued/Filed | | | 📄 |
| 8/26/2025 | Complaint (Unlimited) (Fee Applies) | | | 📄 |

Showing 1 to 10 of 10 entries

Previous | 1 | Next

# HEARINGS

Show  All ⌄  entries                    Search: _____

| Department | Type | ▼ Date | Time | Result |
|---|---|---|---|---|
| Department 16 | Motion: Order | 4/15/2026 | 9:00AM | |
| Department 16 | Conference: Case Management | 2/5/2026 | 2:00PM | |

Showing 1 to 2 of 2 entries

Previous | 1 | Next

E-FILED
8/26/2025 4:56 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV473713
Reviewed By: M Areja

1  Saman Taherian, Esq. – SBN: 170953
2  Law Office of Lapin & Taherian
   910 Pleasant Grove Blvd., Suite 120
3  Roseville, CA 95678-6188
   Telephone:    (408) 271-9270
4  Email: sam@ltlawgroup.com

5  Attorneys for:
6  The Fuller Law Firm,
   A Professional Corporation
7  Plaintiff in interpleader

8                 **SUPERIOR COURT OF CALIFORNIA**

9          **COUNTY OF SANTA CLARA – CIVIL UNLIMITED**

10

11  The Fuller Law Firm, a Professional       Case No,   25CV473713
12  Corporation

13                 Plaintiff,                  **VERIFIED COMPLAINT IN
                                                INTERPLEADER**
14  v.

15  United States Department of Treasury,
16  Internal Revenue Service; RD Capital, LLC,
    and DOES 1 through 20
17                 Defendants.

18

19                    **I.      PARTIES AND VENUE**

20      1.   Plaintiff "The Fuller Law Firm, a Professional Corporation" (hereinafter "Plaintiff) is a

21  corporation formed under the laws of, and doing business in, the State of California. Plaintiff's main

22  business address is in the City of San Jose, County of Santa Clara. Plaintiff is a professional law

23  corporation, having satisfied requirements set forth in, *inter alia*, Rules of State Bar of California, Chapter

24  3, Rule 3.150 *et seq.*

25      2.   Pursuant to the applicable rules of the State Bar of California, Plaintiff maintains an

26  attorney-client trust account with Chase Bank branch located in the city of San Jose, County of Santa

27  Clara, State of California. As explained in further detail hereinbelow, Plaintiff holds funds that are subject

28  of this interpleader action in Plaintiff's attorney-client trust account with a Chase Bank branch located in

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

Santa Clara County. Therefore, venue is proper in Santa Clara County.

3. Defendant United States Department of Treasury, Internal Revenue Service (hereinafter "IRS") is a division of the United States Government.

4. Defendant RD Capital, LLC (hereinafter "RDC") is limited liability company formed under the laws of, and doing business in, the State of California.

5. Plaintiff does not know the true names and identifies of defendants named herein as DOES, but is informed and believes that they may become necessary parties in this litigation, and therefore sues them as DOES. Plaintiff shall move the court for leave to amend if it becomes necessary to add DOES as additional named defendants.

## II.    FACTUAL BACKGROUND

6. On or about December 1, 2022, Plaintiff filed a bankruptcy petition (hereinafter "Petition") on behalf of Michael A. Ward (hereinafter "Ward.") The Petition was filed in the United States Bankruptcy Court for the Northern District of California, under chapter 13 of the United States Bankruptcy Code, and was assigned case number 22-51083-HLB.

7. At the time the Petition was filed, Ward owned real property commonly known as 4351 Daltons Landing in Ashton, Idaho (hereinafter "Property"). Pursuant to operation of the United States Bankruptcy Code, upon filing of the Petition, the Property became an asset of the bankruptcy estate.

8. At the time the Petition was filed, in addition to a first lien in favor of Flagstar Bank and a second lien in favor of Idaho CCU, the Property was encumbered by, liens in favor of defendants RDC and IRS. On information and belief, the RDC lien was junior to the IRS lien.

9. On or about May 3, 2023, Plaintiff filed a motion (hereinafter "Motion") with the bankruptcy court to authorize sale of the Property.

10. At the time the Motion was heard, and given the face amount of the liens of IRS and RDC, it was determined that the Property was over encumbered. Ward disputed the IRS lien and believed that the lien amount could be reduced. In order to allow a speedy sale and protect the equity available to IRS

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

and RDC, the bankruptcy court authorized sale of the Property free and clear of the liens of IRS and RDC. Pursuant to the order of the bankruptcy court, the liens of IRS and RDC attached, in the same priority as before, to the proceeds of the sale.

11.  Pursuant to the order of the bankruptcy court, the Property was sold. The proceeds of the sale were $294,887.24 (hereinafter "Proceeds.") The Proceeds were turned over to Plaintiff. Plaintiff deposited the Proceeds in its attorney-client trust account held at a Chase Bank branch in San Jose, California. Plaintiff has no claim or ownership interest in the Proceeds or any portion thereof, except for statutory attorney fees for bringing the instant interpleader action.

12.  On information and belief, Ward has exhausted his dispute remedies with the IRS, and IRS claims that its lien has attached to the entire amount of the Proceeds, and as such, all of the Proceeds must be turned over to the IRS.

13.  On information and belief, RDC disputes the amount of the IRS lien, and despite repeated requests refuses to consent to the Proceeds being turned over to the IRS.

14.  As a consequence of the conflicting claims of IRS and RDC, Plaintiff has retained the law firm of Lapin & Taherian to file the instant interpleader action.

15.  Plaintiff has thus incurred attorneys' fees and costs in the preparation of this action and will present further evidence at the appropriate time as to the actual amount of such fees and costs.


**Prayer:**

WHEREFORE, Plaintiff prays:

1. That IRS and RDC be ordered to join together and to settle among themselves their rights and claims against the Proceeds;

2. That the Court determine the respective rights and duties of IRS and RDC under the aforementioned Proceeds;

3. For an order exonerating Plaintiff from any further liability to IRS and RDC upon depositing into Court the remaining Proceeds;

4. For its reasonable attorneys' fees pursuant to the California Code of Civil Procedure § 386.6 to be paid out of the Proceeds;

5. For a restraining order pursuant to California Code of Civil Procedure Section 386(f) restraining IRS and RDC from instituting or further prosecuting any claim or action against Plaintiff and the Proceeds; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

August 26, 2025

LAW OFFICE OF LAPIN & TAHERIAN

By: *Saman Taherian*
_____
Saman Taherian, Esq.
Attorneys for The Fuller Law Firm, PC
Plaintiff

**COMPLAINT IN INTERPLEADER**

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

1

## <u>VERIFICATION</u>

2

3

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

4

I have read the foregoing VERIFIED COMPLAINT IN INTERPLEADER, and know its

5

contents.

6

I am an Authorized Representative of THE FULLER LAW FIRM, PC, a party to this action, and

7

8

am authorized to make this verification for and on its behalf, and I make this verification for that

9

reason. I am informed and believe and on that ground allege that the matters stated in the

10

foregoing document are true.

11

I declare under penalty of perjury under the laws of the State of California that the foregoing is

12

true and correct.

13

14

15

DATED: August 25, 2025

16

17

18

_Lars T. Fuller_____

19

Lars T. Fuller, Esq.

20

21

22

23

24

25

26

27

28

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

E-FILED
8/26/2025 4:56 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV473713
Reviewed By: M. Arechiga
Envelope: 20637302

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
United States Department of Treasury, Internal Revenue Service; RD Capital, LLC, and DOES 1
through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
The Fuller Law Firm, a Professional Corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*  **25CV473713**

Santa Clara County Superior Court, 191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Saman Taherian, Esq., Lapin & Taherian, 910 Pleasant Grove Blvd.; Suite 120 Roseville; CA 95678-6188

| DATE:<br>*(Fecha)* | 8/26/2025 4:56 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | M. Arechiga | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Saman Taherian, Esq. – SBN: 170953 -- Law Office of Lapin & Taherian<br>910 Pleasant Grove Blvd., Suite 120 - - Roseville, CA 95678-6188<br><br>TELEPHONE NO.: (408) 271-9270     FAX NO. :<br>EMAIL ADDRESS: sam@ltlawgroup.com<br>ATTORNEY FOR *(Name):* The Fuller Law Firm, a Professional Corporation | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 9/2/2025 7:15 PM<br>Reviewed By: B. Roman-Antunez<br>Case #25CV473713<br>Envelope: 20709065** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA**
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior - Civil

CASE NAME:
The Fuller Law Firm, PC vs. RD Capital, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: 25CV473713 |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* one
5. This case [ ] is  [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 2, 2025
Saman Taherian, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Saman Taherian*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

1  Saman Taherian, Esq. – SBN: 170953
   Law Office of Lapin & Taherian
2  910 Pleasant Grove Blvd., Suite 120
   Roseville, CA 95678-6188
3  Telephone:     (408) 271-9270
   Email: sam@ltlawgroup.com
4

5  Attorneys for:
   The Fuller Law Firm,
6  A Professional Corporation
   Plaintiff in interpleader
7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/2/2025 7:15 PM
Reviewed By: B. Roman-Antunez
Case #25CV473713
Envelope: 20709065**

8              **SUPERIOR COURT OF CALIFORNIA**

9        **COUNTY OF SANTA CLARA – CIVIL UNLIMITED**

10

11 The Fuller Law Firm, a Professional
12 Corporation
                                    Case No,  25CV473713
13              Plaintiff,
                                    **FIRST AMENDED VERIFIED
14 v.                               COMPLAINT IN INTERPLEADER**

15 United States Department of Treasury,
   Internal Revenue Service; RD Capital, LLC,
16 and DOES 1 through 20
              Defendants.
17

18
                    **I.      PARTIES AND VENUE**
19

20      1.   Plaintiff "The Fuller Law Firm, a Professional Corporation" (hereinafter "Plaintiff) is a

21 corporation formed under the laws of, and doing business in, the State of California. Plaintiff's main

22 business address is in the City of San Jose, County of Santa Clara. Plaintiff is a professional law

23 corporation, having satisfied requirements set forth in, *inter alia*, Rules of State Bar of California, Chapter

24 3, Rule 3.150 *et seq.*

25      2.   Pursuant to the applicable rules of the State Bar of California, Plaintiff maintains an

26 attorney-client trust account with Chase Bank branch located in the city of San Jose, County of Santa

27 Clara, State of California. As explained in further detail hereinbelow, Plaintiff holds funds that are subject

28 of this interpleader action in Plaintiff's attorney-client trust account with a Chase Bank branch located in

Lᴀᴘɪɴ & Tᴀʜᴇʀɪᴀɴ
Aᴛᴛᴏʀɴᴇʏs Aᴛ Lᴀᴡ
910 Pʟᴇᴀsᴀɴᴛ Gʀᴏᴠᴇ Bʟᴠᴅ., Sᴜɪᴛᴇ 120
Rᴏsᴇᴠɪʟʟᴇ, CA 95678-6188

1    Santa Clara County. Therefore, venue is proper in Santa Clara County.

2        3.    Defendant United States Department of Treasury, Internal Revenue Service (hereinafter

3    "IRS") is a division of the United States Government.

4        4.    Defendant RD Capital, LLC (hereinafter "RDC") is limited liability company formed

5    under the laws of, and doing business in, the State of California.

6        5.    Plaintiff does not know the true names and identifies of defendants named herein as DOES,

7    but is informed and believes that they may become necessary parties in this litigation, and therefore sues

8    them as DOES. Plaintiff shall move the court for leave to amend if it becomes necessary to add DOES as

9    additional named defendants.

10

11       **II.    FACTUAL BACKGROUND**

12       6.    On or about December 1, 2022, Plaintiff filed a bankruptcy petition (hereinafter "Petition")

13   on behalf of Michael A. Ward (hereinafter "Ward.") The Petition was filed in the United States

14   Bankruptcy Court for the Northern District of California, under chapter 13 of the United States

15   Bankruptcy Code, and was assigned case number 22-51083-HLB.

16       7.    At the time the Petition was filed, Ward owned real property commonly known as 4351

17   Daltons Landing in Ashton, Idaho (hereinafter "Property"). Pursuant to operation of the United States

18   Bankruptcy Code, upon filing of the Petition, the Property became an asset of the bankruptcy estate.

19       8.    At the time the Petition was filed, in addition to a first lien in favor of Flagstar Bank and a

20   second lien in favor of Idaho CCU, the Property was encumbered by liens in favor of defendants RDC and

21   IRS. On information and belief, the RDC lien was junior to the IRS lien.

22       9.    On or about May 3, 2023, Plaintiff filed a motion (hereinafter "Motion") with the

23   bankruptcy court to authorize sale of the Property.

24       10.   At the time the Motion was heard, and given the face amount of the liens of IRS and RDC,

25   it was determined that the Property was over encumbered. Ward disputed the IRS lien and believed that

26   the lien amount could be reduced. In order to allow a speedy sale and protect the equity available to IRS

Lapin & Taherian
Attorneys At Law
910 Pleasant Grove Blvd., Suite 120
Roseville, CA 95678-6188

and RDC, the bankruptcy court authorized sale of the Property free and clear of the liens of IRS and RDC. Pursuant to the order of the bankruptcy court, the liens of IRS and RDC attached, in the same priority as before, to the proceeds of the sale.

11. Pursuant to the order of the bankruptcy court, the Property was sold. The proceeds of the sale were $294,887.24 (hereinafter "Proceeds.") The Proceeds were turned over to Plaintiff. Plaintiff deposited the Proceeds in its attorney-client trust account held at a Chase Bank branch in San Jose, California. Plaintiff has no claim or ownership interest in the Proceeds or any portion thereof, except for statutory attorney fees for bringing the instant interpleader action.

12. Concurrently with the filing of this First Amended Complaint, Plaintiff will tender the Proceeds to this court.

13. On information and belief, Ward has exhausted his dispute remedies with the IRS, and IRS claims that its lien has attached to the entire amount of the Proceeds, and as such, all of the Proceeds must be turned over to the IRS.

14. On information and belief, RDC disputes the amount of the IRS lien. Despite repeated requests, RDC has refused to consent to the Proceeds being turned over to the IRS.

15. On information and belief, RDC or its attorney have been provided with documentation regarding Ward's dispute with the IRS, as well as the IRS' final determination.

16. On information and belief, neither RDC nor its attorney have taken any steps to dispute the IRS' final determination.

17. Despite repeated requests, neither RDC nor its attorney have provided Plaintiff with any facts to establish any dispute as to either the priority or the amount of the IRS lien.

18. Although RDC has not provided Plaintiff any facts or basis to dispute either the priority or the amount of the IRS lien, RDC continues to assert a claim that conflicts with IRS' claim.

19. As a consequence of the conflicting claims of IRS and RDC, Plaintiff has retained the law firm of Lapin & Taherian to file the instant interpleader action.

20. Plaintiff has thus incurred attorneys' fees and costs in the preparation of this action and

will present further evidence at the appropriate time as to the actual amount of such fees and costs.

**Prayer:**

WHEREFORE, Plaintiff prays:

1. That IRS and RDC be ordered to join together and to settle among themselves their rights and claims against the Proceeds;

2. That the Court determine the respective rights and duties of IRS and RDC under the aforementioned Proceeds;

3. For an order exonerating Plaintiff from any further liability to IRS and RDC upon depositing into Court the remaining Proceeds;

4. For its reasonable attorneys' fees pursuant to the California Code of Civil Procedure § 386.6 to be paid out of the Proceeds;

5. For a restraining order pursuant to California Code of Civil Procedure Section 386(f) restraining IRS and RDC from instituting or further prosecuting any claim or action against Plaintiff and the Proceeds; and

6. For such other and further relief as the Court deems just and proper.


Respectfully submitted,


September 2, 2025

LAW OFFICE OF LAPIN & TAHERIAN


By: _Saman Taherian_____
            Saman Taherian, Esq.
            Attorneys for The Fuller Law Firm, PC
            Plaintiff

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

4

**FIRST AMENDED COMPLAINT IN INTERPLEADER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

**FIRST AMENDED COMPLAINT IN INTERPLEADER**

## **VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I have read the foregoing FIRST AMENDED VERIFIED COMPLAINT IN INTERPLEADER, and know its contents.

I am an Authorized Representative of THE FULLER LAW FIRM, PC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and, on those grounds, allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 2, 2025

_Lars T. Fuller_____
Lars T. Fuller, Esq.

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD, SUITE 120
ROSEVILLE, CA 95678-6188

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:   191 North First Street
MAILING ADDRESS:   191 North First Street
CITY AND ZIP CODE:   San Jose, CA  95113
BRANCH NAME:   Downtown Courthouse - Civil Division

FILED

SEP 03 2025

Clerk of the Court
Superior Court of CA County of Santa Clara
BY A. HERNANDEZ   DEPUTY

PLAINTIFF/PETITIONER:

**The Fuller Law Firm**

DEFENDANT/RESPONDENT:

**RD Capital, LLC**

**NOTICE OF UNDOCUMENTED ACTION**

CASE NUMBER:

**25CV473713**

Date: **09/03/2025**

☐ $_____ Sanctions received from _____

☐ $_____ Bail received from _____

☐ $_____ Payment received for denied application for waiver of Court filing fees from

applicant/s _____

☐ $_____ Payment for complex fee designation received from party/s _____

_____

☐ $_____ Filing fee paid for _____

☐ Receipt from transfer returned and filed.

☑ Other: **$294,887.24 check (#2048) deposited by PLT for Interpleader; Atty: Taherian**

_____

_____

_____

_____

_____

_____

_____

_____

RESET FORM

CV-5025 REV 5/06          **NOTICE OF UNDOCUMENTED ACTION**          Page 1 of 1

Case 5:25-cv-08611-NW    Document 1-1    Filed 10/08/25    Page 19 of 39
Santa Clara â•fi Gi
M. Suarez

Saman Taherian, Esq. – SBN: 170953
Law Office of Lapin & Taherian
910 Pleasant Grove Blvd., Suite 120
Roseville, CA 95678-6188
Telephone:    (408) 271-9270
Email: sam@ltlawgroup.com

Attorneys for:
The Fuller Law Firm,
A Professional Corporation
Plaintiff-in-Interpleader

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/11/2025 1:53 PM
Reviewed By: M. Suarez
Case #25CV473713
Envelope: 20822593**

*LAPIN & TAHERIAN*
*ATTORNEYS AT LAW*
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA – CIVIL UNLIMITED

| | |
|---|---|
| The Fuller Law Firm, a Professional Corporation<br><br>                    Plaintiff-in-Interpleader,<br><br>v.<br><br>United States Department of Treasury, Internal Revenue Service; RD Capital, LLC, and DOES 1 through 20<br>                    Defendants. | **CASE No. No. 25-CV-473713**<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER DICHARGING STAKEHOLDER AND FOR RELATED ORDERS; MEMORANDUM IN SUPPORT; DECLARATION OF LARS T. FULLER, ESQ. IN SUPPORT**<br><br>Hearing Date: April 15, 2026<br>Time: 9:00 AM<br>Dept: 16<br>Hearing Judge: Hon. Robert S. Hayashi<br><br>Date Action Filed: September 2, 2025<br><br>Trial Date: None |

**TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:**

**YOU ARE HEREBY NOTIFIED THAT on April 15, 2026 at 9:00 AM, in Department 16** of

this Court located at Downtown Superior Court, 191 N. First Street, San Jose, California 95113,

Plaintiff THE FULLER LAW FIRM, A Professional Corporation, will move the Court for the

following orders;

That THE FULLER LAW FIRM, A Professional Corporation, upon making a deposit with

this Court on September 3, 2024, in the amount of $294,887.24, the Proceeds of the sale pursuant

to Order of the United States Bankruptcy Court, Northern District of California, of real property

located at 4351 Daltons Landing, Ashton, Idaho, THE FULLER LAW FIRM be discharged from any further liability to any party to this action or to Does 1 to 20 relating to the Proceeds so deposited

Plaintiff will further ask the court that Plaintiff the Fuller Law Firm, A Professional Corporation be awarded costs and reasonable attorneys' fees and costs in the amount of $8,696.64 to be paid from the funds deposited. Plaintiff reserves the right to seek additional fees and costs, according to proof that may be submitted at the hearing.

This motion is made on the ground that the moving party, Plaintiff The Fuller Law Firm, A Professional Corporation, is a stakeholder only, and has no interest in the proceeds that are the subject of this action; that the moving party cannot determine the validity of the conflicting demands that have been made on the Proceeds and has deposited said Proceeds with the Court for delivery to the prevailing claimants; and that the moving party has incurred or is reasonably expecting to incur, costs and attorneys' fees in the amount of $8,696.64 related to this proceeding. Should additional fees and costs be incurred prior to the date of the hearing, Plaintiff reserves the right to seek a higher amount, subject to evidence that shall be submitted at or before the hearing.

This motion will be based upon this notice, the attached memorandum in support thereof, the declarations of Lars T. Fuller, Esq., and Saman Taherian, Esq., filed concurrently herewith, the files and records in this action, and any further evidence and argument that the Court may receive at or before the hearing.

Dated: September 11, 2025

LAW OFFICE OF LAPIN & TAHERIAN

By: *Saman Taherian*

Saman Taherian, Esq.
Attorneys for The Fuller Law Firm, PC
Plaintiff

2

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

Case 5:25-cv-08611-NW   Document 1-1   Filed 10/08/25   Page 21 of 39
Santa Clara â•fi Gli
M. Suarez

1  Saman Taherian, Esq. – SBN: 170953
   Law Office of Lapin & Taherian
2  910 Pleasant Grove Blvd., Suite 120
   Roseville, CA 95678-6188
3  Telephone:    (408) 271-9270
   Email: sam@ltlawgroup.com
4

5  Attorneys for:
6  The Fuller Law Firm,
   A Professional Corporation
7  Plaintiff-in-Interpleader

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/11/2025 1:53 PM
Reviewed By: M. Suarez
Case #25CV473713
Envelope: 20822593**

8            **SUPERIOR COURT OF CALIFORNIA**

9       **COUNTY OF SANTA CLARA – CIVIL UNLIMITED**

10

11 The Fuller Law Firm, a Professional
   Corporation
12
                   Plaintiff-In-Interpleader,
13
   v.
14
   United States Department of Treasury,
15 Internal Revenue Service; RD Capital, LLC,
   and DOES 1 through 20
16              Defendants.
17

18

19

**CASE No. No. 25-CV-473713**

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER DICHARGING
STAKEHOLDER AND FOR RELATED
ORDERS**

Hearing Date: April 15, 2026
Time: 9:00 AM
Dept: 16
Hearing Judge: Hon. Robert S. Hayashi

Date Action Filed: September 2, 2025

Trial Date: None

20

21            **I.    FACTUAL BACKGROUND**

22      Plaintiff "The Fuller Law Firm, a Professional Corporation" (hereinafter "Plaintiff" or

23 "Fuller Law") is a corporation formed under the laws of, and doing business in, the State of

24 California. Plaintiff is a professional law corporation, having satisfied requirements set forth in,

25 *inter alia*, Rules of State Bar of California, Chapter 3, Rule 3.150 *et seq.*  Pursuant to the

26 applicable rules of the State Bar of California, Plaintiff maintains an attorney-client trust account

27 with Chase Bank branch located in the city of San Jose, County of Santa Clara, State of California.

28

Lapin & Taherian
Attorneys At Law
910 Pleasant Grove Blvd., Suite 120
Roseville, CA 95678-6188

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

On September 3, 2025 Plaintiff deposited with this Court funds in the amount of $294,887.24, the Proceeds of the sale, pursuant to Order of the United States Bankruptcy Court, Northern District of California, of real property located at 4351 Daltons Landing, Ashton, Idaho which had been held in his attorney trust account with Chase Bank.  Plaintiff was at all relevant times a stakeholder only and has no interest in the Proceeds that are the subject of this action. Plaintiff has incurred costs and attorneys' fees in connection with bringing this action in interpleader.   Defendant United States Department of Treasury, Internal Revenue Service (hereinafter "IRS") is a division of the United States Government.  Defendant RD Capital, LLC (hereinafter "RDC") is limited liability company formed under the laws of, and doing business in, the State of California.

On or about December 1, 2022, Plaintiff filed a bankruptcy petition (hereinafter "Petition") on behalf of Michael A. Ward (hereinafter "Ward.") The Petition was filed in the United States Bankruptcy Court for the Northern District of California, under chapter 13 of the United States Bankruptcy Code, and was assigned case number 22-51083-HLB.  At the time the Petition was filed, Ward owned real property commonly known as 4351 Daltons Landing in Ashton, Idaho (hereinafter "Property"). Pursuant to operation of the United States Bankruptcy Code, upon filing of the Petition, the Property became an asset of the bankruptcy estate. At the time the Petition was filed, in addition to a first lien in favor of Flagstar Bank and a second lien in favor of Idaho CCU, the Property was encumbered by liens in favor of defendants RDC and IRS. On information and belief, the RDC lien was junior to the IRS lien.

On or about May 3, 2023, Plaintiff filed a motion (hereinafter "Motion") with the bankruptcy court to authorize sale of the Property.  At the time the Motion was heard, and given the face amount of the liens of IRS and RDC, it was determined that the Property was over encumbered. Ward disputed the IRS lien and believed that the lien amount could be reduced. In

2

order to allow a speedy sale and protect the equity available to IRS and RDC, the bankruptcy court authorized sale of the Property free and clear of the liens of IRS and RDC. Pursuant to the order of the bankruptcy court, the liens of IRS and RDC attached, in the same priority as before, to the proceeds of the sale. Pursuant to the order of the bankruptcy court, the Property was sold. The proceeds of the sale were $294,887.24 (hereinafter "Proceeds".) The Proceeds were turned over to Plaintiff. Plaintiff deposited the Proceeds in its attorney-client trust account held at a Chase Bank branch in San Jose, California. Plaintiff has no claim or ownership interest in the Proceeds or any portion thereof, except for statutory attorney fees for bringing the instant interpleader action.

The IRS claims that its lien has attached to the entire amount of the Proceeds, and as such, all of the Proceeds must be turned over to the IRS. RDC disputes the amount of the IRS lien. Despite repeated requests, RDC has refused to consent to the Proceeds being turned over to the IRS. RDC has been provided with documentation regarding Ward's dispute with the IRS, as well as the IRS' final determination. On information and belief, neither RDC nor its attorney have taken any steps to dispute the IRS' final determination. Despite repeated requests, neither RDC nor its attorney have provided Plaintiff with any facts to establish any dispute as to either the priority or the amount of the IRS lien. Although RDC has not provided Plaintiff any facts or basis to dispute either the priority or the amount of the IRS lien, RDC continues to assert a claim that conflicts with IRS' claim.

Fuller Law filed the instant interpleader on September 2, 2025, and deposited the funds with this court on September 3, 2025.

## II.    POINTS AND AUTHORITIES

**A. Stakeholder Fuller Law has established a right to interplead.**

Lapin & Taherian
Attorneys At Law
910 Pleasant Grove Blvd., Suite 120
Roseville, CA 95678-6188

An interpleader is a procedure whereby a person holding money or property to which conflicting claims are being made by others, can join the adverse claimants and force them to litigate their claims among themselves. (*Hancock Oil Co. of Calif v. Hopkins* (1944) 24 Cal.2d 497, 508; *City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1122.) Interpleader is proper whenever "double or multiple claims are made … by two or more persons … such that they may [expose the person against whom the claims are asserted] to double or multiple liability." (*Code Civ. Proc. § 386(b)*.) "The true test of suitability for interpleader is the stakeholder's disavowal of interest in the property sought to be interpleaded, coupled with the perceived ability of the court to resolve the entire controversy as to the entitlement to that property without need for the stakeholder to be a party to the suit." (*Pacific Loan Mgmt. Corp. v. Sup. Ct. (Armstrong)* (1987) 196 Cal.App.3d 1485, 1489-1490.)

Traditionally, interpleader is "viewed as two suits: one between the stakeholder and the claimants to determine the stakeholder's right to interplead, and the other among the claimants to determine who shall receive the funds interpleaded … As against the stakeholder, claimants may raise only matters which go to whether the suit is properly one for interpleader, i.e., whether the elements of an interpleader action are present." (*State Farm Fire & Cas. Co v. Pietak* (2001) 90 Cal.App.4th 600, 612; *Dial 800 v. Fesbinder* (2004) 188 Cal.App.4th 32, 43.)

Interpleader is proper even where the conflicting claims arise from completely independent dealings with the stakeholder. They may arise from contract, property or other transactions of any kind. They may be liquidated or unliquidated in amount; and the stakeholder's liability on the claims need not have yet arisen. (*Code Civ. Proc. §386(b); City of Morgan Hill v. Brown, supra*, 71 Cal.App.4th at p. 1123.) The stakeholder has the right to interplead the disputed funds on receipt of conflicting demands. An interpleader need not be a totally disinterested stakeholder and may claim some portion of the funds or property in dispute. (*Code Civ. Proc. § 386(a); City of*

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

*Morgan Hill v. Brown, supra,* 71 Cal.App.4th at p. 1123.)   The stakeholder owes no duty to attempt to resolve the dispute between the warring claimants before incurring the expense of interpleader.  (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 876; *Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 76.)

### B. Discharge of stakeholder Fuller Law from further liability to any of the claimants is appropriate.

Once the stakeholder's right to interplead is established and the interpleader has deposited the money or property with the court, the interpleader may be discharged from liability to any of the claimants.  This enables the stakeholder to avoid multiplicity of actions and the risk of inconsistent results if each of the claimants were to sue the stakeholder separately.  Stakeholders incur no tort liability to the claimants named in an interpleader action.  Claimants are not defendants from whom affirmative relief is sought.  They are offered the opportunity to assert a right but can ignore the complaint or disclaim any interest if they choose.  Therefore, claimants cannot sue the stakeholder for malicious prosecution.  (*Cantu v. Resolution Trust Corp., supra,* 4 Cal.4th at p. 875.)  By depositing the funds, proceeds or property with the court clerk, such deposit has the effect of terminating any obligation for interest, or for damages for detention of property, after the date of the deposit.  (*Code Civ. Proc. § 386(c)*.)

By the stakeholder taking the initiative and filing a lawsuit against the conflicting claimants a two-step procedure is generally followed:  First, the court must determine whether plaintiff may bring suit and force the claimants to interplead; Second, if it is so determined, the court will discharge the plaintiff from liability and determine the rights of the various claimants to the property that has been deposited with the court.  (*City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1126-1127.)

### C. Injunctive relief restraining the adverse claimants from instituting any other action in state court involving the same property is appropriate.

Lapin & Taherian
Attorneys At Law
910 Pleasant Grove Blvd., Suite 120
Roseville, CA 95678-6188

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

This Court may restrain the IRS and RDC from instituting or further prosecuting any other action in any state court involving the same fund or property.  (*Code Civ. Proc. § 386(f)*.)  Such injunctive relief reaches enjoining the enforcement of a judgment already obtained in the other action. (*Surety Co. of the Pacific v. Piver* (1983) 149 Cal.App.3d Supp. 29, 31-32.)

**D.  Reimbursement of reasonable costs and attorneys' fees incurred by the stakeholder is authorized by statute.**

The stakeholder who interpleads may seek reimbursement for its costs and reasonable attorney fees.  (*Code Civ. Proc. § 386.6(a): UAP-Columbus JV 326132 v. Nesbitt* (1991) 234 Cal.App.3d 1028, 1036; *Tri-State, Inc. v. Long Beach Comm. College Dist.* (2012) 204 Cal.App.4th 224, 232.)  "*Section 386.6, subdivision (a)*, gives the trial court authority to award attorney fees to the Gas Co. for fees and costs incurred not only to initiate the Interpleader Case and obtain discharge, but also to defend against subsequent motions, writ petitions, and appeals attacking the validity of the interpleader complaint and discharge order The court has authority to award fees and costs for initiating interpleader and obtaining discharge as well as for subsequent motions including writ petitions and appeals." (*Southern Calif. Gas co. v. Flannery* (2016) 5 Cal.App.5th 476, 486.)  The court may order payment of reimbursement of attorney fees and costs from the funds deposited by the stakeholder.  Such payment may ultimately be charged to one or more of the adverse claimants in the final judgment. (*Code Civ. Proc. § 386.6; Wells Fargo Bank, N.A. v. Zinnel* (2004) 125 Cal.App.4th 393, 400.)

The attorney fees and costs prayed for herein by Plaintiff are reasonable, necessary, and evidenced by declaration of Saman Taherian, Esq., filed concurrently herewith. To the extent the fees and costs have not yet been incurred, Plaintiff's counsel has made a good faith effort to submit an accurate forecasted estimate.

In the event the forecasted estimate is inadequate, Plaintiff's counsel will seek additional fees and costs, supported by evidence that shall be submitted by or at the hearing.

### **CONCLUSION**

Wherefore, Plaintiff the Fuller Law Firm, APC respectfully requests that this Court file an Order discharging Fuller Law from any further liability to the IRS and RDC, substituting the IRS and RDC as parties to the action, enjoining the IRS and RDC from instituting any other action in state court involving the Proceeds of the sale of Ward's real property; together with an award of reasonable costs and attorneys' fees in the amount of $8,696.64 (or additional amounts to the extent supported by evidence that may be submitted at or before the hearing) paid from the funds deposited with the court, and dismissal of The Fuller Law Firm, APC as a party to this matter pursuant to Code of Civil Procedure §§ 386(a), 386.5.

Dated: September 11, 2025

LAW OFFICE OF LAPIN & TAHERIAN

By: _Saman Taherian_

       Saman Taherian, Esq.
       Attorneys for The Fuller Law Firm, PC
       Plaintiff

Case 5:25-cv-08611-NW    Document 1-1    Filed 10/08/25    Page 28 of 39
Santa Clara â•fi Ci
M. Suarez

1  Saman Taherian, Esq. – SBN: 170953
   Law Office of Lapin & Taherian
2  910 Pleasant Grove Blvd., Suite 120
   Roseville, CA 95678-6188
3  Telephone:    (408) 271-9270
   Email: sam@ltlawgroup.com
4

5  Attorneys for:
   The Fuller Law Firm,
6  A Professional Corporation
   Plaintiff-in-Interpleader
7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/11/2025 1:53 PM
Reviewed By: M. Suarez
Case #25CV473713
Envelope: 20822593**

8              **SUPERIOR COURT OF CALIFORNIA**

9        **COUNTY OF SANTA CLARA – CIVIL UNLIMITED**

10

11  The Fuller Law Firm, a Professional
    Corporation
12
                      Plaintiff-in-Interpleader,
13
    v.
14
    United States Department of Treasury,
15  Internal Revenue Service; RD Capital, LLC,
    and DOES 1 through 20
16                      Defendants.
17

**CASE No. No. 25-CV-473713**

**DECLARATION OF SAMAN
TAHERIAN, ESQ. IN SUPPORT OF
MOTION FOR ORDER DICHARGING
STAKEHOLDER AND FOR RELATED
ORDERS**

Hearing Date: April 15, 2026
Time: 9:00 AM
Dept: 16
Hearing Judge: Hon. Robert S. Hayashi

Date Action Filed: September 2, 2025

Trial Date: None

18

19

20

21  I, Saman Taherian, Esq., declare and say:

22          1- I am an attorney licensed to practice law in the State of California, and before the

23  Federal Courts for the Northern and Eastern Districts of California. I am a principal of the law

24  firm of Lapin & Taherian, attorneys of record for The Fuller Law Firm, PC, Plaintiff herein

25  (hereinafter "Plaintiff" or "Fuller Law.")

26

27

28

*LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188*

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

2- I am making this declaration in support of Milestone's application for attorney fees and costs as prevailing party. Specifically, as to reasonable value of services provided by my law firm, as well as costs incurred by my law firm. Plaintiff seeks recovery of fees and costs as follows:

| | |
|---|---|
| Attorney fees: | $ 8,023.00 |
| Costs: | $ 673.64 |
| Total fees and costs: | $ 8,696.64 |

3- Plaintiff reserves the right to seek additional fees and costs and to present evidence of any such fees and costs at the hearing.

4- My reasonable billing rate in this matter is $565 per hour.

5- My experience justifying my billing rate in this action is as follows:

6- I earned an undergraduate degree in finance from San Jose State University in 1990, and a JD from California Western School of Law in 1992. I earned a Masters of Science Degree in Computer Engineering from San Jose State University in 2003. My graduate coursework concentration was microprocessor architecture, memory addressing, and instruction execution. My master's thesis was a case study of Mentor v Cadence, a patent infringement lawsuit surrounding circuit emulation technology.

7- I successfully passed the United States Patent Bar Examination in 2003. I am a patent attorney, licensed to practice law before the United States Patent and Trademark Office. Becoming a patent attorney requires not only possessing a law degree and passing the Patent Bar Examination, but also possessing a degree in hard sciences. There are fewer than 38,000 licensed patent attorneys in all of the United States – compared to nearly 200,000 attorneys in California alone.

**DECLARATION OF SAMAN TAHERIAN, ESQ., ISO MOTION FOR ORDER DISCHARGING STAKEHOLDER; Case No: 25-CV-473713**

8- I have practice law in Bankruptcy Courts and District Courts for the Northern and Eastern District of California, the Bankruptcy Appellate Panel for the 9th Circuit, and California state Superior Courts. I have taken over a dozen cases to trial in both bankruptcy and state courts.

9- Most recently, in this court, in the matter of <u>Duran v. Milestone</u>, case number 22CV404787 I represented defendants and cross-complainants Milestone Financial, LLC and William Stuart. I took the case to trial and prevailed on all five causes of action.

10-    Presently, in this court, in the matter of <u>Scalable v. Sehgal</u>, case number 24CV450817, our law firm prevailed on a demurrer on a complex question of first impression relating to a corporation's standing to bring a disgorgement action against a former corporate officer. The opposing counsel in that matter is billing at over $1,000 per hour and has filed a petition for a writ.

11-    Up through 2020, when I actively practiced bankruptcy law. Where my fees were to be paid from the bankruptcy estate, I would have to file a fee application with the bankruptcy court. Bankruptcy courts routinely granted my fee applications at the rate of $485 per hour. Adjusted for inflation, that would translate to well over $550 per hour today.

12-    Our law firm has agreed to represent Plaintiff on an hourly basis. Pursuant to a fee agreement executed between Plaintiff and our law firm, our law firm is charging at an hourly rate of $565 per hour for legal services rendered in this matter, plus actual amount of costs incurred. We are not charging any premium or service fee on costs. We are not charging for normal (*de minimis*) postage or copying.

13-    A detailed, itemization of attorney time and costs incurred, or expected to be incurred, is attached as Exhibit A.

14- As to the attorney time and costs not yet incurred, they are clearly marked as such. As to these amounts, I believe the amounts set forth in Exhibit A are a conservative, good-faith and accurate estimate.

15- I am informed and believe that the hourly rates for attorneys I practice with and against generally range from $600 per hour to $900 per hour for cases such as this case in the Santa Clara area.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Saratoga, California on July 1, 2025.

Executed on September 11, 2025in Saratoga, California.

By:__*Sam Taherian*_____
　　　　Saman Taherian, Esq.
　　　　Declarant

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

4

**DECLARATION OF SAMAN TAHERIAN, ESQ., ISO MOTION FOR ORDER DISCHARGING STAKEHOLDER; Case No: 25-CV-473713**

## Itemized billing: The Fuller Law Firm, PC

| | |
|---|---|
| Attorney fees: | $ 8,023.00 |
| Costs: | $ 673.64 |
| Total fees and costs: | $ 8,696.64 |

**Itemization of time**

| Date | Description | Time | Atty | Amount |
|---|---|---|---|---|
| 8/22/2025 | Discuss case w client and review docs emailed | 0.8 | ST | $ 452.00 |
| 8/22/2025 | Discuss terms of representation, draft retainer agreement, forward to client, revised according to client request, email out, attn to reply w signed agreement | 0.7 | | $ 395.50 |
| 8/25/2025 | Detailed review of documents provided by client, took notes | 0.8 | | |
| 8/25/2025 | Draw first draft of complaint, forward to client for review | 2.1 | ST | $1,186.50 |
| 8/26/2025 | Incrorate changes from LTF | 0.4 | ST | $ 226.00 |
| 8/26/2025 | Prpeare Summons and Civil Case Cover Sheet | 0.7 | ST | $ 395.50 |
| 8/26/2025 | Upload Summons, Complaint, and Civil Case Cover Sheet | 0.2 | ST | $ 113.00 |
| 8/26/2025 | Research service of process on IRS | 0.5 | ST | $ 282.50 |
| 8/27/2025 | TC to LTF to discuss strategy | 0.3 | ST | $ 169.50 |
| 8/27/2025 | TC to OC Nino, drafted email re: background of litigation, attached copy of unfiled docs | 0.3 | ST | $ 169.50 |
| 9/2/2025 | Prepare NAR, email to counsel for LD Capital, mail out hard copy | 0.3 | ST | $ 169.50 |
| 9/2/2025 | TC to client, drafted FAC, forwarded to client | 1.3 | ST | $ 734.50 |
| 9/2/2025 | Drafted new Civil Case Cover Sheet | 0.4 | ST | $ 226.00 |
| 9/2/2025 | Reviewed client changes to FAC, incorporated changes | 0.3 | ST | $ 169.50 |
| 9/2/2025 | Uploaded FAC and new Civil Case Cover Sheet | 0.2 | ST | $ 113.00 |
| 9/2/2025 | Draft NAR, forward to E Nino, request for execution of NAR, email thread w E Nino | 0.3 | ST | $ 169.50 |
| 9/5/2025 | TC to LTF re: N Nino reply to emails | 0.2 | ST | $ 113.00 |
| 9/5/2025 | Research into motion for discharge of plaintiff in interpleader | 0.6 | ST | $ 339.00 |
| 9/8/2025 | Drew first draft of Motion for discharge and attorney fees | 1.3 | ST | $ 734.50 |
| 9/8/2025 | Drew first draft of Notice of Motion and Motion | 0.6 | ST | $ 339.00 |
| 9/8/2025 | Contacted court to obtain and reserve date for motion, incorporarate into notice of motion | 0.2 | ST | $ 113.00 |
| 9/8/2025 | Drew first draft of Dec of LTF | 0.4 | ST | $ 226.00 |
| 9/8/2025 | Drew first draft of De of ST | 0.9 | ST | $ 508.50 |
| 9/8/2025 | Forward Motion to LTF for review | NC | ST | $  - |
| 9/8/2025 | Edit and incorporate final changes into motion | 0.3 | ST | $ 169.50 |
| 9/8/2025 | eFile Motion | 0.1 | ST | $ 56.50 |
| 9/9/2025 | **Not incurred:** Contact process server to instruct service on defendant RD Capital | 0.1 | ST | $ 56.50 |
| 9/9/2025 | **Not incurred:** Service by certified mail on IRS | 0.2 | ST | $ 113.00 |
| 4/15/2026 | **Not incurred:** Attend motion to discharge | 0.5 | | |

# Itemization of time

| Date | Description | Time | Atty | Amount |
|------|-------------|------|------|--------|
| 4/15/2026 | **Not incurred:** Draft order, draft local form for release of funds, submit to court | 0.5 | ST | $  282.50 |
| | **Sub Totals** | | | **$8,023.00** |

## Itemization of Costs

| Date | Description | Amount |
|------|-------------|--------|
| 8/29/2025 | Filing fee: Summons, Complaint, Civ Case Cvr Sheet | $ 465.30 |
| 9/3/2025 | Filing fee: FAC and amended Civ Case Cvr Sheet | $ 18.34 |
| 9/8/2025 | **Not incurred:** Filing fee Motion for discharge | $ 80.00 |
| 9/9/2025 | **Not incurred:** Svs of process on RD Capital | $ 75.00 |
| 9/9/2025 | **Not incurred:** Svs of process on IRS (cert mail) | $ 35.00 |
| **Total** | | $ 673.64 |

Case 5:25-cv-08611-NW    Document 1-1    Filed 10/08/25    Page 36 of 39
Santa Clara – fi li
M. Suarez

1  Saman Taherian, Esq. – SBN: 170953
2  Law Office of Lapin & Taherian
   910 Pleasant Grove Blvd., Suite 120
3  Roseville, CA 95678-6188
   Telephone:    (408) 271-9270
4  Email: sam@ltlawgroup.com

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 9/11/2025 1:53 PM**
**Reviewed By: M. Suarez**
**Case #25CV473713**
**Envelope: 20822593**

5  Attorneys for:
6  The Fuller Law Firm,
   A Professional Corporation
7  Plaintiff-in-Interpleader

8            **SUPERIOR COURT OF CALIFORNIA**

9       **COUNTY OF SANTA CLARA – CIVIL UNLIMITED**

10

11  The Fuller Law Firm, a Professional      **CASE No. No. 25-CV-473713**
12  Corporation
                                             **DECLARATION OF LARS T. FULLER,**
13              Plaintiff-in-Interpleader,   **ESQ. IN SUPPORT OF MOTION FOR**
                                             **ORDER DICHARGING**
14  v.                                       **STAKEHOLDER AND FOR RELATED**
                                             **ORDERS**
15  United States Department of Treasury,
16  Internal Revenue Service; RD Capital, LLC,   Hearing Date: April 15, 2026
    and DOES 1 through 20                        Time: 9:00 AM
17              Defendants.                       Dept: 16
                                                 Hearing Judge: Hon. Robert S. Hayashi
18
                                                 Date Action Filed: September 2, 2025
19
                                                 Trial Date: None
20

21  I, Lars T. Fuller, Esq., declare and say:

22          1- I am an attorney licensed to practice law in the State of California, and before the

23  Federal Courts for the Northern and Eastern Districts of California. I am a principal of The Fuller

24  Law Firm, PC, a Professional Corporation, (hereinafter "Plaintiff" or "Fuller Law.")

25          2- Plaintiff is a corporation formed under the laws of, and doing business in, the State

26

27  of California. Plaintiff is a professional law corporation, having satisfied requirements set forth

28

_Left margin (vertical):_ LAPIN & TAHERIAN / ATTORNEYS AT LAW / 910 PLEASANT GROVE BLVD., SUITE 120 / ROSEVILLE, CA 95678-6188

                                             1
        **DECLARATION OF LARS T. FULLER, ESQ., ISO MOTION FOR ORDER**
           **DISCHARGING STAKEHOLDER; Case No: 25-CV-473713**

in, *inter alia*, Rules of State Bar of California, Chapter 3, Rule 3.150 *et seq.* Pursuant to the applicable rules of the State Bar of California, Plaintiff maintains an attorney-client trust account with Chase Bank branch located in the city of San Jose, County of Santa Clara, State of California.

3- On or about December 1, 2022, Plaintiff filed a bankruptcy petition (hereinafter "Petition") on behalf of Michael A. Ward (hereinafter "Ward.") The Petition was filed in the United States Bankruptcy Court for the Northern District of California, under chapter 13 of the United States Bankruptcy Code, and was assigned case number 22-51083-HLB. At the time the Petition was filed, Ward owned real property commonly known as 4351 Daltons Landing in Ashton, Idaho (hereinafter "Property").

4- Pursuant to operation of the United States Bankruptcy Code, upon filing of the Petition, the Property became an asset of the bankruptcy estate. At the time the Petition was filed, in addition to a first lien in favor of Flagstar Bank and a second lien in favor of Idaho CCU, the Property was encumbered by liens in favor of defendants RDC and IRS. On information and belief, the RDC lien was junior to the IRS lien.

5- On or about May 3, 2023, Plaintiff filed a motion (hereinafter "Motion") with the bankruptcy court to authorize sale of the Property. At the time the Motion was heard, and given the face amount of the liens of IRS and RDC, it was determined that the Property was over encumbered. Ward disputed the IRS lien and believed that the lien amount could be reduced. In order to allow a speedy sale and protect the equity available to IRS and RDC, the bankruptcy court authorized sale of the Property free and clear of the liens of IRS and RDC. Pursuant to the order of the bankruptcy court, the liens of IRS and RDC attached, in the same priority as before, to the proceeds of the sale.

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

**DECLARATION OF LARS T. FULLER, ESQ., ISO MOTION FOR ORDER DISCHARGING STAKEHOLDER; Case No: 25-CV-473713**

6- Pursuant to the order of the bankruptcy court, the Property was sold. The proceeds of the sale were $294,887.24 (hereinafter "Proceeds.") The Proceeds were turned over to Plaintiff. Plaintiff deposited the Proceeds in its attorney-client trust account held at a Chase Bank branch in San Jose, California.

7- Plaintiff has no claim or ownership interest in the Proceeds or any portion thereof, except for statutory attorney fees for bringing the instant interpleader action.

8- The IRS claims that its lien has attached to the entire amount of the Proceeds, and as such, all of the Proceeds must be turned over to the IRS. RDC disputes the amount of the IRS lien.

9- Despite repeated requests, RDC has refused to consent to the Proceeds being turned over to the IRS. RDC has been provided with documentation regarding Ward's dispute with the IRS, as well as the IRS' final determination. On information and belief, neither RDC nor its attorney have taken any steps to dispute the IRS' final determination. Despite repeated requests, neither RDC nor its attorney have provided Plaintiff with any facts to establish any dispute as to either the priority or the amount of the IRS lien.

10-    Although RDC has not provided Plaintiff any facts or basis to dispute either the priority or the amount of the IRS lien, RDC continues to assert a claim that conflicts with IRS' claim.

11-    On September 3, 2025 Plaintiff deposited with this Court funds in the amount of $294,887.24, the entire amount of the Proceeds of the sale.

12-    Plaintiff was at all relevant times a stakeholder only and has no interest in the Proceeds that are the subject of this action.

LAPIN & TAHERIAN
ATTORNEYS AT LAW
910 PLEASANT GROVE BLVD., SUITE 120
ROSEVILLE, CA 95678-6188

**DECLARATION OF LARS T. FULLER, ESQ., ISO MOTION FOR ORDER DISCHARGING STAKEHOLDER; Case No: 25-CV-473713**

13-    Plaintiff has incurred costs and attorneys' fees in connection with bringing this action in interpleader. The amount and details of the attorney fees incurred are as set forth in the accompanying declaration of Saman Taherian, Esq.

Executed on September 11, 2025 in San Jose, California.

By: *Lars T. Fuller*
           Lars T. Fuller, Esq.
           Declarant

4

**DECLARATION OF LARS T. FULLER, ESQ., ISO MOTION FOR ORDER DISCHARGING STAKEHOLDER; Case No: 25-CV-473713**